## TIERNAN *v.* BOOTH.

*(Circuit Court, N. D. Illinois.   October 13, 1880.)*

1. WRIT OF ERROR—SUPERSEDEAS.—The fact that a citation was not presented to and signed by a judge within 60 days after the entry of judgment, will not necessarily prevent a writ of error from operating as a *supersedeas*.

Motion for Writ of Possession.

*George & William Burry*, for motion, cited *Sage* v. *R. Co.* 93 U. S. 417; *Kitchen* v. *Randolph*, Id. 86; *City of Washington* v. *Denison*, 6 Wall. 496; *Stockton* v. *Bishop*, 2 How. 74; *Rubber Co.* v. *Goodyear*, 6 Wall. 156; *Silver* v. *Ladd*, 6 Wall. 440; *Palmer* v. *Donner*, 7 Wall. 541; *U. S.* v. *Hodge*, 3 How. 534; *Bacon* v. *Hart*, 1 Black, 38; *U. S.* v. *Curry*, 6 How. 113; *Hogan* v. *Ross*, 11 How. 297; *Feret* v. *Hill*, 15 Common Bench, 207; Conkling's Treatise, 671.

*Needham & Miller*, for defendant, cited *Sage* v. *R. Co.* 96 U. S. 712; *Carroll* v. *Dorsey*, 20 How. 207; *U. S.* v. *Yates*, 6 How. 605; *Alviso* v. *U. S.* 5 Wall. 824; *U. S.* v. *Gomez*, 1 Wall. 701; *Bangs* v. *R. Co.* 23 How, 1; *Davison* v. *Lanier*, 4 Wall. 447; *Barton* v. *Forsyth*, 5 Wall. 190; *Villaboes* v. *U. S.* 6 How. 89, 91.

DRUMMOND, C. J.   In this case a judgment was rendered by this court in favor of the plaintiff, in an action of ejectment, on the thirteenth day of December, 1879, and within the proper time a bond was filed by the defendant, with security approved by the court, in an amount sufficient to make it a *supersedeas*.   A writ of error was seasonably sued out, and a copy was also left in the clerk's office for the opposite party, in conformity with the statute.   In all respects, therefore, the necessary steps were taken by the defendant to make the writ of error a *supersedeas*, unless one is lacking, viz. :  because the citation was not signed by the judge until the fourth day of September, A. D. 1880.   The practice does not seem to be uniform in the various circuits courts of the United States as to the manner of making a writ of error a *supersedeas* by the action of the court.   It seems to be conceded that it is not necessary, provided everything has been done required by the statute, for a court or the judge to make an order that the writ of error is a *supersedeas*.   It becomes so *per se* upon compliance with the statute.   The practice in this circuit has usually been to treat a writ of error, upon the execution and approval of a sufficient bond and the issue of the citation, as a *supersedeas* without any express order of the court or judge.   It is generally understood, between parties and by the court, whether the bond that is offered, (being sufficient in amount and the security adequate,) is intended and does operate as a *supersedeas*.   If that is so understood by the counsel and the court, no application is made for an execution or a writ of possession, as the case may be; and therefore no order is generally entered in such cases.   At the same time, the practice has been occasionally for counsel to ask that a special order shall be entered by the court or judge declaring the writ of error a *supersedeas*, and when so desired the order has been made.   The language of the statute is, (section 1000 :) "Every justice or judge signing a citation on any writ of error shall  *  *  *  take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect."   Undoubtedly the general rule is that the signing the citation and taking the security are simultaneous

acts. The statute seems to imply that they are, and to impose as a duty on the judge, when he signs the citation, that he shall then take good and sufficient security. In practice the citation is usually prepared by the counsel and presented to the judge for his signature. In fact, it may be stated, I think, that this is the universal practice. In consequence of this, and because no citation was presented to the judge for signature, none was signed in this case, and it was not until the fourth day of September, 1880, when it was ascertained that no citation had ever been actually signed or served, that the citation was presented to the judge for his signature, which was then affixed. The writ of error was returnable to the first day of the present October term, and the citation was issued and served on the plaintiff to appear on the first day of the October term of the supreme court for this year, to answer the writ of error.

It will be seen from this statement that if the plaintiff is entitled to a writ of possession in this case, it will be in consequence of the technicality of a citation not having been prepared and presented to the judge and signed within 60 days after the judgment was entered. I do not feel inclined to sustain a technicality of this kind under the facts of this case. Undoubtedly it is competent for the supreme court to grant a *supersedeas*, even where none has been allowed by the circuit court. But here all that was necessary to make the *surpersedeas* effectual was the citation and signature of the judge within 60 days after the judgment was rendered. It seems to me, for all practical purposes, the plaintiff having been served with a citation before the October term of the supreme court, and notice thus being brought home to him of the writ of error and of the term to which it was returnable, and a bond having been executed, which was treated by the court as a *supersedeas* bond, it is sufficient to entitle the defendant to take the judgment of the supreme court upon the merits of the case itself, before the plaintiff can call on this court for a writ of possession. At any rate, if it be a matter of doubt, I prefer to take this view of the case in order that the plaintiff may avail himself of any error, if

any has been committed by this court, and take the opinion of the supreme court upon the question. If that court, upon proper application, shall be of opinion that under the facts in this case the plaintiff is entitled to a writ of possession, this court will follow that ruling without any order being made, and upon being informed that the supreme court has made such ruling.